■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES STALEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered January 6, 1986, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the instant appeal, the defendant argues that the improper remarks of the prosecutor during his summation constituted reversible error. We disagree.

There were a few isolated instances during the prosecutor's summation where the prosecutor exceeded the "bounds of legitimate advocacy" by criticizing the defense counsel's strategy and by vouching for the credibility of a People's witness (see, People v Shanis, 36 NY2d 697, 699; People v Hicks, 102 AD2d 173; People v Ricchiuti, 93 AD2d 842). We deplore these comments and caution the prosecutor to refrain from them in the future. Nevertheless, a reversal of the defendant's judgment of conviction is not warranted since (1) for the most part the prosecutor's summation constituted fair comment on the evidence, including the defendant's agency defense (People v Heffron, 59 AD2d 263), and (2) the proof of the defendant's guilt was overwhelming.

We have examined the defendant's remaining argument, i.e., that the sentence imposed upon him was excessive, and find it to be without merit (Penal Law §§ 220.39, 220.16, 70.00 [2] [b]; [3] [b]). Mangano, J. P., Niehoff, Weinstein and Kunzeman, JJ., concur.