■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH REARDON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cohen, J.), rendered February 13, 1986, convicting him of rape in the first degree (two counts), sexual abuse in the first degree (two counts), sexual abuse in the second degree (three counts), attempted sodomy in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the testimony of the prosecution's main witness, the victim of these sexual crimes, was so incredible that the trial court should have directed a verdict in his favor, and that this court on appeal should reverse the judgment of conviction and dismiss the indictment because the jury should not have believed that testimony.

Viewing the evidence in the light most favorable to the prosecution, however, we find that it was legally sufficient to establish the defendant's guilt (see, People v Contes, 60 NY2d 620).

Moreover, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported

by the record *(see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). We note that the victim had a clear opportunity to recognize and identify the defendant as 1 of the 4 or 5 boys who had raped and sexually abused her since she had sat in his apartment with him and her two girlfriends for at least 15 minutes prior to the acts which constituted the basis for these convictions, and because the defendant was the first one who raped and sexually abused her.

The defendant has failed to preserve for appellate review his objections to the prosecutrix's opening statement, to her manner of questioning the complainant and the defendant, and to her claimed "audible sigh" and facial expressions *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951). In any event, the defendant's contention that he was denied a fair trial by this alleged prosecutorial misconduct is without merit. As to claimed prosecutorial misconduct which was objected to at trial, the court acted promptly and forcefully to correct any possible errors by sustaining the objections and by admonishments and curative instructions *(see, People v Galloway,* 54 NY2d 396). Moreover, the defendant's guilt was overwhelmingly established such that any errors were harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230).

Finally, we find that evidence of the victim's prior sexual history was not admissible under any of the exceptions enunciated in CPL 60.42, and that the trial court did not abuse its discretion in denying defense counsel's request to pursue such a line of questioning on cross-examination. Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.