■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL CANADA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered February 11, 1987, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On June 7, 1984, at approximately 8:45 A.M., the complainant was assaulted by three men at a construction site. One man held the complainant while the other man beat him with a hammer and the third, identified as the defendant, repeatedly punched the complainant with his fists. The complainant suffered severe injuries.

At trial, the court read a proposed verdict sheet to counsel and defense counsel objected to certain language. In response to the objection, the court modified the language, asked if it was now satisfactory, and defense counsel approved by stating "All right". As such, the defendant's contention that the submission of the amended verdict sheet to the jury deprived him of a fair trial is not preserved for appellate review since there was no further objection *(see, People v Lugo,* 150 AD2d 502). Additionally, since defense counsel consented to the amended verdict sheet that was submitted to the jury, reversal in the interest of justice is not required *(see, People v Weatherly,* 144 AD2d 509, 510; *People v Testaverde,* 143 AD2d 208).

The defendant contends that two instances of prosecutorial misconduct denied him a fair trial. The first instance concerned the prosecutor banging a hammer on a table during his opening remarks and later trying to introduce this hammer into evidence even though the prosecutor knew that this hammer was not the one used in the assault. The prosecutor's conduct in this regard did not serve to deprive the defendant of his right to a fair trial, since the court acted promptly and forcefully to correct any error by delivering curative instructions to the jury and sustaining the defense counsel's objections *(see, People v Galloway,* 54 NY2d 396, 399; *People v Reardon,* 141 AD2d 869, 870). The second instance of alleged misconduct occurred when the prosecutor interrupted the defense's summation to state that the lesser counts were added to the court's charge at the request of the defense.

Though this was clearly error, it was harmless in light of the fact that the defendant's guilt was overwhelmingly established *(see, People v Crimmins,* 36 NY2d 230).

The defendant also contends that the People failed to prove that he intended to cause serious physical injury to the complainant and that he, or a person with whom he was acting in concert, caused such injuries by means of a dangerous instrument. Viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction of assault in the first degree. The People proved that the defendant actively participated in the assault upon the complainant *(see, People v Weston,* 130 AD2d 696, 697) and his intent to cause serious physical harm can be inferred from his conduct and from the surrounding circumstances *(People v Bracey,* 41 NY2d 296, 301; *People v Leach,* 148 AD2d 751).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.