THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEBASTIAN CALIENDO, Appellant.—

The complainant herein, who was 14 years old at the time of the subject incident, was allegedly raped and sodomized by the defendant on December 28, 1986. The first and second counts of the indictment charged the defendant with rape in the first degree, the third and fourth counts charged sodomy in the first degree, the twelfth and thirteenth counts charged rape in the third degree, and the fourteenth and fifteenth counts charged sodomy in the third degree. These counts were identical in that they simply charged that the particular crime was committed upon the complainant on December 28, 1986. The record indicates that the People attempted to prove that the defendant committed each of these crimes twice, during the early morning hours of December 28, 1986. However, the defendant correctly argues that these counts were never "linked, sequentially or otherwise" to the complainant's testimony. Moreover, upon the conclusion of the testimony, the court, without making any specific findings of fact, simply rendered the following verdict:

"ACCORDINGLY, this Court's verdict is as follows:

"1ST COUNT

"RAPE IN THE FIRST DEGREE　　　　　GUILTY

"2ND COUNT

"RAPE IN THE FIRST DEGREE　　　　　NOT GUILTY

"3RD COUNT

"SODOMY IN THE FIRST DEGREE　　　　GUILTY

"4TH COUNT

"SODOMY IN THE FIRST DEGREE　　　　NOT GUILTY　* * *

"12TH COUNT

"RAPE IN THE THIRD DEGREE　　　　　GUILTY

"13TH COUNT

"RAPE IN THE THIRD DEGREE　　　　　NOT GUILTY

"14TH COUNT

"SODOMY IN THE THIRD DEGREE　　　　GUILTY

"15TH COUNT

"SODOMY IN THE THIRD DEGREE　　　　NOT GUILTY".

Under these circumstances, any meaningful appellate review of the defendant's convictions under the first, third, twelfth and fourteenth counts of the indictment is impossible without seriously implicating the prohibition against double jeopardy (cf., People v Sykes, 22 NY2d 159, 164).

The defendant also argues that the People failed to adduce legally sufficient evidence with regard to the element of "physical injury", which is a required element of the crime of assault in the second degree as charged in the eighteenth count of the indictment (Penal Law § 120.05 [6]; § 10.00 [9]). The People concede, with commendable candor, and we hold, based on a review of the record, that the evidence was legally insufficient to establish the element of "physical injury" (see, Matter of Philip A., 49 NY2d 198, 200).

However, as to the remaining counts, viewing the evidence in the light most favorable to the prosecution (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit (CPL 470.05 [2]; People v Baldwin, 130 AD2d

666, 667-668; *People v Gensler,* 72 NY2d 239, 245). Mollen, P. J., Mangano, Kunzeman and Kooper, JJ., concur.