■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES KNIGHT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered April 8, 1986, convicting him of rape in the first degree and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The facts have been considered and determined to have been established.

In the first six counts of the indictment, the defendant was charged identically with rape in the first degree committed on or about January 1, 1985. At trial, the complainant testified, in relevant part, that during the early morning hours of January 1, 1985, she was repeatedly raped by the defendant. The jury acquitted the defendant of the first five counts in the indictment charging rape in the first degree but convicted the defendant of the sixth count of the indictment charging rape in the first degree. However, since the rape counts of the indictment "were never 'linked, sequentially or otherwise' to the complainant's testimony * * * any meaningful appellate review of the defendant's conviction * * * under the [sixth] count * * * of the indictment is impossible without seriously implicating the prohibition against double jeopardy *(cf., People*

*v Sykes,* 22 NY2d 159, 164)" *(People v Caliendo,* 158 AD2d 531, 532). Accordingly, the conviction for rape in the first degree, under the sixth count of the indictment, must be reversed, and that count dismissed.

Moreover, the unlawful imprisonment in the second degree conviction must be reversed and the thirteenth count of the indictment dismissed because that conviction is barred by the merger doctrine, despite the acquittals and dismissal of the rape charges *(see, People v Usher,* 49 AD2d 499, 507, *affd* 40 NY2d 763; *see also, People v Salimi,* 159 AD2d 658; *cf., People v Kalyon,* 142 AD2d 650). Thompson, J. P., Brown, Lawrence and Balletta, JJ., concur.