■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SWAIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Martin, J.), rendered April 22, 1985, convicting him of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree and assault in the second degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of six to twelve years imprisonment for rape in the first degree, six to twelve years imprisonment for sodomy in the first degree, six to twelve years imprisonment for sexual abuse in the first degree, and three and one-half to seven years imprisonment for assault in the second degree. The appeal brings up for

review the denial (Ritter, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed on the defendant's conviction of sexual abuse in the first degree from six to twelve years imprisonment to three and one-half to seven years imprisonment; as so modified, the judgment is affirmed.

The defendant's claim that the complainant should have testified at the *Wade* hearing is without merit. It is well settled that only when the defense has established that a pretrial identification was unduly suggestive, after the prosecution has met its initial burden of going forward to demonstrate reasonableness and the lack of suggestiveness, that evidence concerning an independent source for the in-court identification must be elicited from the complainant *(see, People v Tweedy,* 134 AD2d 467). In the case at bar, the prosecution satisfied its initial burden both by demonstrating that the defendant's picture was inserted in a photographic array after an eyewitness familiar with the defendant chose the defendant's picture from a police book containing about 150 photographs, and by establishing that the array contained pictures of individuals who were similar in appearance to the defendant. The defendant failed to meet his ultimate burden of proving that the procedure was unduly suggestive. Hence the hearing court did not commit error in denying the defense counsel's request that the complainant be called as a witness so that the issue of whether there was an independent source for her in-court identification could be explored *(see, People v Chipp,* 75 NY2d 327, *cert denied* — US —, 111 S Ct 99).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620) we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant further contends that his guilt was not established because the complainant's testimony was not credible. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented are primarily within the province of the jury, which saw and heard the witness *(see, People v Gaimari* 176 NY 84, 94). Its determination is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's further contention, evidence of

the complainant's sexual history is irrelevant to the issues at hand and has no bearing on the issue of his guilt or innocence (see, CPL 60.42; *People v Crawford,* 143 AD2d 141, 142).

The defendant's argument that he did not receive a fair trial because the court, in its charge to the jury, defined forcible compulsion by using the "earnest resistance" language which was no longer part of the law at the time the incident at bar occurred (see, Penal Law former § 130.00 [8], as amended by L 1982, ch 560; L 1983, ch 449), is unpreserved for appellate review (see, CPL 470.05 [2]). In any event the error is clearly harmless since the defendant benefited by the fact that the jury heard a definition which imposed a higher burden of proof on the People (see, *People v McDonald,* 125 AD2d 500).

The People concede that the court improperly sentenced the defendant for sexual abuse in the first degree as a class C felony. This crime is a class D felony (see, Penal Law § 130.65), and we have modified the sentence accordingly. Thompson, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.