■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED BRAVERMAN, Also Known as FRED RAWLINS, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered August 8, 1989, convicting him of attempted robbery in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal the defendant contends that he was deprived of a fair trial by testimony regarding the uncharged crime of resisting arrest and by prosecutorial misconduct during summation. We do not agree. Any prejudice arising from the arresting officer's testimony regarding the uncharged crime of resisting arrest was eliminated when the court ultimately sustained defense counsel's objection to that testimony and gave curative instructions to the jury (see, People v Santiago, 52 NY2d 865). Similarly, any prejudice caused by the prosecutor's conduct in banging a hammer on a table during summation was eliminated when the court sustained defense

counsel's objection thereto *(see, People v Canada,* 157 AD2d 793). In any event, in view of the overwhelming evidence of the defendant's guilt, any error was harmless *(see, People v Crimmins,* 36 NY2d 230).

The sentence imposed was not excessive *(see, People v Farrar,* 52 NY2d 302, 305; *People v Suitte,* 90 AD2d 80; *People v Bonaventura,* 168 AD2d 626). Balletta, J. P., Miller, Ritter and Copertino, JJ., concur.