■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered January 2, 1990, convicting him of rape in the first degree, sodomy in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction of rape in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The first two counts of the indictment charged the defendant with rape in the first degree. These two counts were identical in that they charged that "the defendant, on or about and between October 13, 1988, and October 14, 1988, in

the County of Queens, being male, engaged in sexual intercourse with [the complainant], a female by means of forcible compulsion". At the trial, the complainant testified, in relevant part, that she was repeatedly raped by the defendant from the evening of October 13, 1988, through the morning of October 14, 1988. The jury acquitted the defendant of the first count in the indictment and convicted him of the second. Since the rape counts in the indictment were never "linked, sequentially or otherwise" to the complainant's testimony, any meaningful appellate review of the legal or factual sufficiency of the evidence in support of the defendant's conviction under the second count of the indictment is impossible without seriously implicating the prohibition against double jeopardy (see, People v Knight, 161 AD2d 668; People v Caliendo, 158 AD2d 531). Accordingly, the defendant's conviction for rape in the first degree under the second count of the indictment must be reversed, and that count dismissed.

We find unpersuasive the defendant's contention that the trial court erred in refusing to charge sexual misconduct as a lesser included offense of sodomy in the first degree (see, People v Blackwell, 177 AD2d 952).

Moreover, we have considered the defendant's request that this court unseal an order of the Supreme Court, Queens County, dated October 21, 1988, which granted the complainant "special witness" status pursuant to CPL 190.32 (1) (b), as well as the moving papers and exhibits submitted in support thereof, but decline to do so.

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.