■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL GARCIA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Carey, J.), rendered October 25, 1990, convicting him of rape in the first degree, rape in the second degree, attempted sexual abuse in the first degree, attempted sexual abuse in the third degree, and sexual abuse in the third degree (six counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's convictions of sexual abuse in the third degree (six counts), vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant was charged with 104 counts of sexual abuse in the third degree in connection with the sexual abuse of a 15-year-old complainant. He was also charged with rape in the

first degree, rape in the second degree, attempted sexual abuse in the first degree, and attempted sexual abuse in the third degree, in connection with the rape of a 13-year-old complainant.

At the close of evidence, the trial court reduced the 104 charges (relating to sexual abuse of the 15-year-old complainant) to 20 counts of sexual abuse in the third degree, alleged to have occurred on 10 different dates during the months of July, August, and September 1989. However, the defendant correctly argues that the 20 counts were never "linked, sequentially or otherwise" to the complainant's testimony, and must therefore be dismissed. Without making any specific findings of fact, the court rendered a verdict convicting the defendant of six of the 20 counts, and acquitting him of the remaining 14. Under these circumstances, any meaningful appellate review of the legal or factual sufficiency of the evidence in support of the defendant's convictions of the six counts of sexual abuse in the third degree is impossible without seriously implicating the prohibition against double jeopardy (see, People v Smith, 180 AD2d 835; People v Knight, 161 AD2d 668; People v Caliendo, 158 AD2d 531).

However, as to the counts which relate to the crimes committed against the 13-year-old complainant, we find that viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's further contention, evidence of the 13-year-old complainant's sexual history is irrelevant to the issues at hand and has no bearing on the issue of the defendant's guilt or innocence (CPL 60.42; People v Swain, 171 AD2d 765; People v Crawford, 143 AD2d 141, 142).

We have considered the defendant's remaining argument and find that it is without merit. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.