■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RORY PEART, Appellant. [646 NYS2d 875] —Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (Eng, J.), rendered November 8, 1991, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated September 10, 1992, which denied his motion pursuant to CPL 440.10 to set aside the judgment. By decision and order of this Court dated November 29, 1993, the matter was remitted to the Supreme Court, Queens County, to hear and report on that branch of the defendant's omnibus motion which was to suppress physical evidence and the appeals were held in abeyance in the interim. By order dated March 4, 1994, after a hearing, the Supreme Court, Queens County, denied that branch of the defendant's omnibus motion which was to suppress physical evidence. Justice Altman has been substituted for the late Justice Lawrence (22 NYCRR 670.1 [c]).

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, and a new trial is ordered; and it is further,

Ordered that the appeal from the order is dismissed as academic.

The defendant sought to suppress a baseball cap which had been seized from his pocket during the course of a protective frisk (see, Terry v Ohio, 392 US 1). The officer who conducted the frisk testified that he knew that the object he felt in the defendant's pocket was not a gun as soon as he "felt down and [his] hand touched the bill * * * the palm of [his hand] was on the hat portion". The record does not support a finding that the officer, having ascertained by touch that the object was in fact not a gun, might have legitimately thought that it might be some other kind of weapon. Therefore, his continuation of the search of the defendant's pocket, and his removal of the object, were not justified (see, Terry v Ohio, supra; Minnesota v Dickerson, 508 US 366; People v Diaz, 81 NY2d 106; People v Clark, 213 AD2d 946, affd 86 NY2d 824). The court should have granted suppression of the cap. Under the circumstances presented, this error cannot be considered harmless.

The defendant's remaining contentions are without merit. Bracken, J. P., Miller, Pizzuto and Altman, JJ., concur.