■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAVELL O. LEVY, Appellant. [755 NYS2d 643] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated January 28, 2002 (*People v Levy,* 290 AD2d 565 [2002]), affirming a judgment of the Supreme Court, Kings County, rendered November 27, 1996.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]). Ritter, J.P., Florio, Friedmann and Cozier, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIOUS LOVING, Appellant. [755 NYS2d 623] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered June 13, 2001, convicting him of assault in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Brazeal,* 233 AD2d 519 [1996]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not to be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86; *People v Reardon,* 141 AD2d 869 [1988]). Ritter, J.P., Altman, S. Miller and Townes, JJ., concur.