■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GOODMAN, Appellant. [805 NYS2d 593]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered January 7, 2003, convicting him of rape in the second degree, sodomy in the second degree, sexual abuse in the third degree, rape in the third degree (three counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court's ruling precluding him from inquiring into the complainant's sexual conduct was a provident exercise of its discretion (*see* CPL 60.42; *People v Mandel,* 48 NY2d 952, 954 [1979]; *People v Reardon,* 141 AD2d 869, 870 [1988]). Such evidence was not admissible under CPL 60.42 (3) because the People introduced no specific evidence about the complainant's chastity, and consent was not an issue (*see People v Garcia,* 186 AD2d 221, 222 [1992]; *People v Westfall,* 95 AD2d 581, 584 [1983]; *People v Barlow,* 88 AD2d 668, 669 [1982]). The evidence also was not admissible under CPL 60.42 (4) because it did not tend to prove that anyone other than the defendant was the cause of the complainant's pregnancies (*cf. People v Rivera,* 158 AD2d 723 [1990]; *People v Lertola,* 190 AD2d 756, 757 [1993]). We note that, under the circumstances of this case, the Assistant District Attorney improperly argued during summation that the defen-

dant "didn't have to worry about AIDS or sexually transmitted disease because he was the only man having sex with her." However, in light of the overwhelming proof of guilt, the error was harmless.

The defendant's remaining contentions are without merit (*see People v Mountain*, 66 NY2d 197, 205 [1985]; *People v Reardon*, *supra* at 870). Florio, J.P., Goldstein, Fisher and Covello, JJ., concur.