■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CLARK, Appellant. [815 NYS2d 278]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered September 20, 2002, convicting him of two counts of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Suffolk County, for a suppression hearing, and a report thereafter, addressing (1) the defendant's application, made during trial, to suppress the subject pawn tickets and the fruits thereof, and (2) the issue of whether the defendant's oral and written statements, in whole or in part, should be suppressed, and the appeal is held in abeyance in the interim; the Supreme Court shall file its report with all convenient speed.

The court conducted a pretrial *Mapp* and *Huntley* hearing (*see Mapp v Ohio*, 367 US 643 [1961]; *People v Huntley*, 15 NY2d 72 [1965]), but the defendant did not move for a pretrial *Dunaway* hearing (*see Dunaway v New York*, 442 US 200 [1979]). At trial, however, Officer Popielaski, who first encountered the defendant before his arrest, and who had not testified at the pretrial suppression hearing, testified that the defendant was not free to leave when Officer Popielaski took the pawn tickets from him. The defendant, represented by counsel other than the attorney who represented him at the pretrial hearing, asked the court to suppress the pawn tickets and the fruits thereof. He also asked for suppression of his post-*Miranda* (*see Miranda v Arizona*, 384 US 436 [1966]) written statement, not on the ground of the legality of his detention, but only on the ground of voluntariness. The court did not hold a hearing on the application to suppress the pawn tickets and their fruits, but denied the application on the merits.

The court had the power to entertain the midtrial application to suppress the pawn tickets and their fruits in the interest of justice (*see* CPL 255.20 [3]), but it should have held a hearing outside the presence of the jury before ruling because the testimony already adduced at trial before the jury did not focus on the *Dunaway* issue.

Accordingly, we remit the matter for a suppression hearing and a report by the Supreme Court. The hearing and the report should address the defendant's entitlement to suppression, on *Dunaway* grounds, of (1) the pawn tickets and the fruits thereof, and (2) his oral and written statements.

We decide no other issues raised by the defendant at this time. Crane, J.P., Goldstein, Rivera and Dillon, JJ., concur.