■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CLARK, Appellant. [846 NYS2d 378]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered September 20, 2002, convicting him of burglary in the second degree (two counts), upon a jury verdict, and imposing sentence. By decision and order dated May 23, 2006, this Court remitted the matter to the Supreme Court, Suffolk County, for a suppression hearing, and a report thereafter, addressing (1) the defendant's application, made during trial, to suppress certain pawn tickets and the fruits thereof, and (2) the issue of whether the defendant's oral and written statements, in whole or in part, should be suppressed, and the appeal was held in abeyance in the interim (*see People v Clark*, 29 AD3d 918 [2006]). The Supreme Court has filed its report.

Ordered that the judgment is modified, on the law, by vacating the conviction of burglary in the second degree under count two of the indictment and the sentence imposed thereon; as so modified, the judgment is affirmed, the defendant's application, made during trial, to suppress certain pawn tickets and the fruits thereof is granted, the pawn tickets and fruits thereof are suppressed, and a new trial is ordered on the charge of burglary in the second degree under count two of the indictment.

The pawn tickets taken from the defendant at the gas station were improperly seized and should not have been admitted at trial because the police did not have probable cause to arrest the defendant at the time the tickets were seized. We cannot say on this record that there is "a very high degree of probability" (*People v Stith*, 69 NY2d 313, 318 [1987], quoting *People v Payton* 45 NY2d 300, 313 [1978], *revd* 445 US 573 [1980], *on remand* 51 NY2d 169 [1980]) that the jewelry, represented by one of these pawn tickets and eventually recovered at the pawn shop, would inevitably have been discovered irrespective of the improper seizure (*see People v Stith*, 69 NY2d at 318; *People v Payton*, 45 NY2d at 313, *revd* 445 US 573 [1980], *on remand* 51 NY2d 169 [1980]; *cf. People v Watson*, 188 AD2d 501 [1992]). Thus, the jewelry, also, should not have been admitted at trial. We, therefore, order a new trial on count two of the indictment, the count to which the improperly-admitted evidence related. With respect to the conviction under count one of the indictment, the proof of the defendant's guilt of the Harned Road burglary, without reference to the improperly-admitted evidence, was overwhelming, and there is no reasonable possibility that the admission at trial of the pawn tickets and jewelry from the other burglary might have contributed to the defendant's conviction on count one (*see People v Crimmins*, 36 NY2d 230, 237, 241 [1975]).

The defendant's contention that the attorney who represented him in the pretrial stage of the case was ineffective based on that attorney's failure to request a *Dunaway* hearing (*see Dunaway v New York*, 442 US 200 [1979]), has been rendered academic by this Court's prior decision and order directing that such a hearing be held, and the defendant's contention that his statements should have been suppressed is without merit. Crane, J.P., Rivera, Goldstein and Dillon, JJ., concur.