(July 17, 2012)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v O'BRIAN PERRY, Appellant. [948 NYS2d 594]—

Police entered defendant's family's apartment pursuant to a search warrant. The police detained and handcuffed defendant and his three family members. Defendant was led away from the others and asked by the investigating sergeant, without any *Miranda* warnings, to reveal the location of a weapon so the police would not have to tear up the apartment looking for it. Defendant then provided them the location, and when an officer could not find it, defendant then directed him to the correct couch where the pistol was hidden.

Defendant was immediately taken to the precinct, and after being booked and processed for 20 to 30 minutes, was interrogated by the same investigating sergeant after being advised of and waiving his *Miranda* rights. Defendant then admitted that the pistol belonged to him and not his family members.

Although the People did not seek to introduce the apartment statement, defendant challenged the admissibility of the precinct statement on the ground that it was tainted by the earlier apartment statement that had been obtained in violation of his *Miranda* rights. The hearing court found that both statements were voluntarily made and denied defendant's motion to suppress the precinct statement.

The hearing court erred when it concluded that the first statement at the apartment was voluntarily made because defendant wanted to protect his family by helping the police conduct the search faster. *Miranda* warnings are required prior to custodial interrogation (*see People v Paulman*, 5 NY3d 122, 129 [2005]). A suspect is in custody when "a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave" (*id.*). As defendant was handcuffed and surrounded by police at the time he gave the incriminating statement at the apartment, he was obviously in custody for *Miranda* purposes. Moreover, the sergeant's questioning amounted to interrogation as it was certainly designed and reasonably likely to elicit incriminating statements pertaining to the contraband that was the subject of the search warrant (*see id.*).

We also conclude that the later Mirandized statement made at the precinct should have been suppressed as it was obtained as part of a single continuous chain of events, so that the later warnings were insufficient to dissipate the taint of the initial violation (*see Paulman*, 5 NY3d at 131). The initial non-Mirandized statement was a result of a conversation initiated by the sergeant, defendant did not indicate a prior willingness to speak, the same sergeant conducted the later interrogation at the precinct only a short time later, and the sergeant used the same theme of protecting defendant's family to elicit both state-

ments. Under these circumstances, there was no break in defendant's custodial circumstances and both statements were obtained under circumstances indicating a single continuous chain of events (*see People v Kollar*, 305 AD2d 295, 299 [2003], *appeal dismissed* 1 NY3d 591 [2004]).

We do not find the error to be harmless.

Defendant did not preserve his argument that the pistol should have been suppressed, and we decline to review it in the interest of justice. As an alternate holding, we find that the pistol was admissible under the inevitable discovery doctrine, and we decline to consider any other issues. Concur—Gonzalez, P.J., Saxe, Sweeny, Acosta and Renwick, JJ.