■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE HENAGIN, Appellant. [12 NYS3d 120]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered July 3, 2013, convicting him of attempted burglary in the second degree, criminal mischief in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, count four of the indictment, charging criminal mischief in the fourth degree, and count five of the indictment, charging criminal possession of stolen property in the fifth degree, are dismissed, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the charge of attempted burglary in the second degree under count two of the indictment.

The defendant was accused of burglarizing two houses in

Valley Stream on the same day, one on South Terrace Place and the other on Fletcher Avenue. A resident of the house on Fletcher Avenue testified at trial that she arrived home and found the defendant in an open first-floor window of the house, with his body partially inside the house. Another resident of the Fletcher Avenue house, who was home at the time, testified that she also observed the defendant and told him that she was calling the police, and the defendant then fled on foot. Soon thereafter, and within a few blocks, the defendant was stopped by a police officer, based on the description provided by the residents. In the course of performing what he testified was a protective pat-down, the officer removed from the defendant's front pants pocket a plastic bag containing items of gold jewelry. At the subsequent trial, a resident of the house on South Terrace Place identified that jewelry as hers, and testified that she had arrived home that day to find a broken window and several items, including the jewelry, missing from her home.

The defendant was charged with two counts of burglary in the second degree, one as to each house, two counts of criminal mischief in the fourth degree, each of which was based on the defendant's act of damaging a window, and one count of criminal possession of stolen property in the fifth degree. The defendant moved, among other things, to suppress the jewelry recovered from his pocket, and the Supreme Court denied that branch of his motion. After a jury trial, the defendant was convicted of the lesser-included offense of attempted burglary in the second degree with respect to the house on Fletcher Avenue. The defendant was also found guilty of criminal possession of stolen property in the fifth degree and one of the counts of criminal mischief in the fourth degree. The defendant appeals.

At the suppression hearing, the People expressly disclaimed reliance on the theory that the search of the defendant and the seizure of the jewelry from his pants pocket was justified because the police had probable cause to arrest the defendant at the moment he was stopped, and the hearing court did not address that theory. Thus, the People may not assert this theory on appeal (see People v Laskaris, 82 AD2d 34, 41-42 [1981]). Instead, the People argued that the jewelry inevitably would have been discovered, and the Supreme Court relied on that theory in denying that branch of the defendant's motion which was to suppress the jewelry. The court properly determined that the record does not support a finding that the police officer legitimately believed that the jewelry might be some kind

of weapon (*see People v Peart*, 230 AD2d 922 [1996]). However, as the People now correctly concede, the court erred in its determination that the jewelry inevitably would have been discovered through normal police procedures, as the inevitable discovery doctrine does not apply to primary evidence, that is, "the very evidence obtained in the illegal search," such as the jewelry at issue here (*People v Stith*, 69 NY2d 313, 318 [1987]; *see People v Julien*, 100 AD3d 925, 927 [2012]; *People v Mais*, 71 AD3d 1163, 1165 [2010]). Accordingly, that branch of the defendant's motion which was to suppress the jewelry should have been granted.

Since the jewelry recovered from the defendant should have been suppressed, the defendant's conviction of criminal possession of stolen property in the fifth degree under count five of the indictment, premised upon his possession of the subject jewelry, and the sentence imposed thereon, must be vacated, and that count of the indictment dismissed (*see People v Julien*, 100 AD3d at 927).

With regard to the remaining counts, we conclude that, contrary to the People's contention, the failure to suppress the jewelry was not harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]). The evidence of the defendant's guilt of those offenses, without reference to the improperly admitted evidence, was not overwhelming (*see id.* at 241).

Moreover, with regard to the offense of attempted burglary in the second degree, the defendant's possession of the jewelry was highly probative on the element of intent to commit a crime while inside the dwelling, and thus there is a reasonable possibility that the admission of the jewelry into evidence might have contributed to the defendant's conviction. Accordingly, we remit the matter for a new trial on the charge of attempted burglary in the second degree.

With regard to the offense of criminal mischief in the fourth degree, the People have failed to demonstrate that the count of which the defendant was convicted did not relate to the broken window at the house on South Terrace Place. The two counts of the indictment charging criminal mischief in the fourth degree were identically worded, and, unlike the burglary counts, did not specify the house to which each count related. Nor is there any other indication in the record as to which house was the subject of the criminal mischief count of which the defendant was convicted. Contrary to the People's contention, the jury's finding that the defendant was guilty of attempted burglary in the second degree only with respect to the house on Fletcher

Avenue does not establish with certainty that the criminal mischief count on which it found the defendant guilty was the one that related to the Fletcher Avenue house, particularly since the evidence that a window was actually broken was stronger with respect to the house on South Terrace Avenue. Thus, there is a reasonable possibility that the admission of the jewelry into evidence might have contributed to the defendant's conviction of criminal mischief in the fourth degree, since the presence of that jewelry in the defendant's pocket was compelling evidence that he was the person who broke the window at the house on South Terrace Place. Furthermore, since there was no testimony linking either criminal mischief count to a particular house, it would be inappropriate to remit the matter for a new trial on the charge of criminal mischief in the fourth degree, since the possibility exists that the People would be permitted to introduce evidence at such a trial in support of an offense of which the defendant has been acquitted, thus raising serious double jeopardy concerns (*see People v Smith*, 180 AD2d 835, 836 [1992]; *see also People v Garcia*, 186 AD2d 221, 222 [1992]; *People v Knight*, 161 AD2d 668 [1990]; *People v Caliendo*, 158 AD2d 531, 531 [1990]). Accordingly, the defendant's conviction of criminal mischief in the fourth degree under count four of the indictment, and the sentence imposed thereon, must be vacated, and that count of the indictment dismissed.

In light of our determination, we need not address the defendant's remaining contentions. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.