■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE ANDERSON, Appellant. [37 NYS3d 151]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Riviezzo, J.), rendered June 13, 2011, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Carroll, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, count three of the indictment charging criminal possession of stolen property in the fifth degree and count four of the indictment charging possession of burglar's tools are dismissed, and the matter is

remitted to the Supreme Court, Kings County, for a new trial on the charges of burglary in the second degree under count one of the indictment and burglary in the third degree under count two of the indictment.

The defendant was convicted, after a jury trial, of burglary in the second degree, criminal possession of stolen property in the fifth degree, and possession of burglar's tools. On appeal, the defendant contends that the Supreme Court should have granted that branch of his omnibus motion which was to suppress physical evidence that was recovered during a warrantless search of his messenger bag that was conducted incident to his arrest. The defendant also contends that certain remarks made by the prosecutor during summation deprived him of a fair trial and that the court erred in refusing to accept a partial verdict that was initially rendered by the jury.

"The protections embodied in article I, § 12 of the New York State Constitution serve to shield citizens from warrantless intrusions on their privacy interests, including their personal effects" (*People v Jimenez*, 22 NY3d 717, 719 [2014]; *see People v Gokey*, 60 NY2d 309, 312 [1983]). "All warrantless searches presumptively are unreasonable per se," and, thus, "[w]here a warrant has not been obtained, it is the People who have the burden of overcoming" this presumption of unreasonableness (*People v Hodge*, 44 NY2d 553, 557 [1978]; *see People v Jimenez*, 22 NY3d at 719; *People v Gokey*, 60 NY2d at 312).

"Under the State Constitution, to justify a warrantless search incident to arrest, the People must satisfy two separate requirements" (*People v Jimenez*, 22 NY3d at 721). "The first imposes spatial and temporal limitations to ensure that the search is 'not significantly divorced in time or place from the arrest'" (*id.* at 721, quoting *People v Smith*, 59 NY2d 454, 458 [1983]; *see People v Gokey*, 60 NY2d at 312). "The second, and equally important, predicate requires the People to demonstrate the presence of exigent circumstances" (*People v Jimenez*, 22 NY3d at 722; *see People v Gokey*, 60 NY2d at 312; *People v Smith*, 59 NY2d at 458). The Court of Appeals has recognized two interests underlying the exigency requirement: "the safety of the public and the arresting officer; and the protection of evidence from destruction or concealment" (*People v Gokey*, 60 NY2d at 312; *see People v Jimenez*, 22 NY3d at 722). "[E]ven a bag 'within the immediate control or "grabbable area" of a suspect at the time of his [or her] arrest may not be subjected to a warrantless search incident to the arrest, unless the circumstances leading to the arrest support a reasonable belief that the suspect may gain possession of a weapon or be able to

destroy evidence located in the bag' " (*People v Jimenez*, 22 NY3d at 722, quoting *People v Gokey*, 60 NY2d at 311). "While an officer need not affirmatively testify as to safety concerns to establish exigency, such apprehension must be objectively reasonable" (*People v Jimenez*, 22 NY3d at 723; *see People v Batista*, 88 NY2d 650, 654 [1996]; *People v Moore*, 32 NY2d 67, 72 [1973]).

Here, the Supreme Court concluded that the defendant's messenger bag was lawfully searched incident to his arrest for burglary. However, the proof adduced at the suppression hearing failed to establish the presence of exigent circumstances justifying the warrantless search. Initially, there was insufficient evidence to support a finding of exigent circumstances relating to the safety of the public and the arresting officer (*see People v Gokey*, 60 NY2d at 312). Although the police officer who testified at the suppression hearing stated that he had responded to the scene after receiving a report of an individual climbing into a building through a rear window, there was no indication that the individual was armed (*cf. People v Alvarado*, 126 AD3d 803, 804-805 [2015]). Nor did the officer testify as to any circumstances indicating the presence of a weapon (*cf. People v Smith*, 59 NY2d at 459). Furthermore, the police officer did not express any concerns about his own safety, or the safety of the public, and the circumstances of the defendant's arrest did not serve to establish an objectively reasonable inference of police apprehension. After entering the building, the officer observed the defendant exit a first-floor apartment and enter a stairwell. The defendant was wearing a dark green messenger bag, which was attached to his body by a single strap that crossed his chest. The officer followed the defendant up the stairwell to the second floor and saw him begin to descend another set of stairs. The officer walked down to the lobby, where he stopped the defendant. At the time that the defendant's bag was searched, there were approximately six police officers present. Moreover, the defendant had been cooperating with the police by responding to a number of their questions and there is no indication that he resisted when his bag was taken off of his body. In sum, the People's proof failed to demonstrate that the circumstances of the defendant's arrest gave rise to a reasonable belief that his bag contained either a weapon or destructible evidence. Accordingly, the court should have granted that branch of the defendant's omnibus motion which was to suppress physical evidence (*see People v Jimenez*, 22 NY3d at 719; *People v Gokey*, 60 NY2d at 312; *People v Hernandez*, 40 AD3d 777, 779 [2007]; *People v Vega*, 256 AD2d 730, 731 [1998]).

Since the materials recovered from the defendant's messenger bag should have been suppressed, the defendant's convictions of criminal possession of stolen property in the fifth degree under count three of the indictment and possession of burglar's tools under count four of the indictment, which were both premised upon the defendant's possession of the subject materials, and the sentences imposed thereon, must be vacated, and those counts of the indictment dismissed (*see People v Henagin*, 129 AD3d 864, 866 [2015]; *People v Julien*, 100 AD3d 925, 927 [2012]). With regard to the remaining conviction of burglary in the second degree, contrary to the People's contention, the failure to suppress the materials recovered from the defendant's messenger bag was not harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]). The physical evidence recovered from the defendant's messenger bag was highly probative on the element of intent to commit a crime while inside the dwelling, and thus there is a reasonable possibility that its admission into evidence might have contributed to the defendant's conviction (*see People v Henagin*, 129 AD3d at 866).

Since there must be a new trial, we note that, although the issue is partially unpreserved for appellate review, the defendant correctly contends that certain comments in the prosecutor's summation were improper (*see People v Irving*, 130 AD3d 844, 846 [2015]). For example, it was improper for the prosecutor to persist in making purposefully inflammatory remarks designed to appeal to the jury's sympathy, in disregard of the Supreme Court's repeated admonitions (*see e.g. People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Brown*, 26 AD3d 392, 393 [2006]; *People v Walters*, 251 AD2d 433, 434 [1998]). Furthermore, the prosecutor denigrated the defense by characterizing it as, among other things, "absolutely beyond absurd" (*see People v Gordon*, 50 AD3d 821, 822 [2008]). It was also improper for the prosecutor to make reference to the defendant's pre-arrest silence (*see People v De George*, 73 NY2d 614, 618 [1989]; *People v Conyers*, 52 NY2d 454, 457 [1981]). Although, under the circumstances, we need not determine whether the prosecutor's comments deprived the defendant of a fair trial, we deem it appropriate to note our disapproval of such conduct (*see e.g. People v Staley*, 130 AD2d 601 [1987]).

The defendant's contention that the Supreme Court should have accepted the partial verdict that was initially rendered by the jury is without merit (*see* CPL 310.50 [2]; *People v Robinson*, 45 NY2d 448, 452 [1978]; *see also* CPL 310.70 [1] [a]; *People v Bastien*, 180 AD2d 691, 692 [1992]; *People v Adams*, 123 AD2d

355, 355 [1986]). The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05), and we decline to review them in the exercise of our interest of justice jurisdiction.

Although the verdict of guilty on the count of the indictment charging burglary in the second degree was properly deemed a dismissal of the count of the indictment charging burglary in the third degree by operation of law, such dismissal does not constitute an acquittal of that count (*see* CPL 300.40 [3] [b]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a new trial on the charges of burglary in the second degree and burglary in the third degree (*see* CPL 470.55 [1]). Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.