People v Torres (2019 NY Slip Op 03380)





People v Torres


2019 NY Slip Op 03380


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-02080
 (Ind. No. 14-00434)

[*1]The People of the State of New York, respondent,
v
Roberto Torres, appellant.


James D. Licata, New City, NY (Ellen O'Hara Woods of counsel), for appellant.
Kevin P. Gilleece, Acting District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Rockland County (William A. Kelly, J.), rendered January 21, 2016, convicting him of criminal possession of stolen property in the fourth degree (six counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements he made to law enforcement officials and physical evidence.
ORDERED that the judgment is reversed, on the law and the facts, those branches of the defendant's omnibus motion which were to suppress statements he made while he was handcuffed in the back seat of a police vehicle and the complainant's wallet are granted, and the matter is remitted to the Supreme Court, Rockland County, for a new trial.
The defendant was charged with six counts of criminal possession of stolen property in the fourth degree (Penal Law § 165.45[2]) arising out of his unlawful possession of the complainant's wallet. The defendant moved, inter alia, to suppress statements he made to the detectives who arrested him on the ground that the statements were taken in violation of his Miranda rights (see Miranda v Arizona, 384 US 436); and to suppress the complainant's wallet on the ground that it was obtained by the detectives through an unlawful search and seizure of the defendant's person and property.
Sergeant Alberto Lopez, Detective Robert Bookstein, and Detective Kevin Freeman, each an officer with the Spring Valley Police Department, testified at a Mapp/Huntley hearing (see Mapp v Ohio, 367 US 643; People v Huntley, 15 NY2d 72). Sergeant Lopez testified that, on September 3, 2014, a woman (hereinafter the complainant) came to the precinct station house in Spring Valley seeking assistance because she had left her wallet at a post office and was unable to locate it when she returned to the post office. According to Sergeant Lopez, the complainant informed him that a man called her phone and stated that he had her wallet and would return it only in exchange for money. Sergeant Lopez testified that the complainant provided the phone number of the man to him, and he called the number. A man answered and told Sergeant Lopez that the man found the wallet but would not return it unless he received money. After multiple phone calls, Sergeant Lopez recognized the man's voice to be that of the defendant, with whom he was familiar because of prior interactions with the defendant and the defendant's uncle.
Detectives Bookstein and Freeman each testified that, later in the day that the phone calls were made, they were driving in their police vehicle when they saw the defendant and his uncle outside of the uncle's house. The detectives exited their vehicle, and as they walked toward the defendant and his uncle the defendant started yelling that he had thrown the wallet in a river and would not return it unless he was provided money. According to Detective Freeman, the defendant's uncle told him that the defendant had put the wallet in the uncle's house, and that the uncle would take the detective to retrieve it. Detective Freeman testified that, after the detectives entered the house with the defendant's uncle, the defendant pushed Detective Freeman in an attempt to get past him into the bedroom. According to both Detectives Bookstein and Freeman, Detective Freeman then handcuffed the defendant and placed him in the back of the police vehicle. Detectives Bookstein and Freeman testified that, while in the police vehicle, the defendant and Detective Bookstein had a "conversation" regarding the wallet, during which the defendant demanded to be paid for the wallet. The defendant eventually agreed to take the detectives to the wallet if they removed the handcuffs. The handcuffs were removed, and the defendant went into the house and retrieved the wallet from under a bed in the bedroom the defendant had previously attempted to enter.
The Supreme Court denied those branches of the defendant's omnibus motion which were to suppress his statements to the detectives and the wallet. The court held that the defendant had not established standing to contest the seizure of the wallet, as it had been recovered inside the residence of the defendant's uncle. The court held that certain statements made by the defendant as the detectives approached him on the street were admissible spontaneous utterances not obtained via interrogation and that the defendant was not in custody when he made those statements. The court further held that the statements made by the defendant while he was handcuffed in the back of the police vehicle were admissible because the defendant was not in custody at that time.
At trial, the jury found the defendant guilty of all six counts of criminal possession of stolen property in the fourth degree. The defendant appeals. The appeal brings up for review the denial of those branches of the defendant's omnibus motion which were to suppress the wallet and the statements he made to the detectives while he was handcuffed in the back of the police vehicle. The defendant does not challenge on appeal the denial of those branches of his omnibus motion which were to suppress the statements that he made to the detectives as they were approaching him on the street, or any other physical evidence obtained by the police.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, and we decline to review it in the interest of justice (see People v Pittam, 23 AD3d 412, 413). Upon the exercise of our factual review power, we find that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]).
However, contrary to the determination of the hearing court, the statements that the defendant made to detectives while he was handcuffed in the back of the police vehicle were the product of custodial interrogation without the benefit of Miranda warnings. Miranda warnings must be given when the elements of police " custody'" and " interrogation'" are present (People v Kittell, 135 AD2d 1021, 1022, quoting People v Huffman, 41 NY2d 29, 33). In deciding whether a defendant was in custody before receiving Miranda warnings, "the subjective beliefs of the defendant are not to be the determinative factor" (People v Yukl, 25 NY2d 585, 589). Nor does the determination turn on the subjective intent of the police officer (see People v Reardon, 124 AD3d 681, 683; People v Tavares-Nunez, 87 AD3d 1171, 1174). Rather, the test is what a reasonable person, innocent of any crime, would have thought had he been in the defendant's position (see People v Yukl, 25 NY2d at 589; People v Tavares-Nunez, 87 AD3d at 1174). The term "interrogation" under Miranda "refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect" (Rhode Island v Innis, 446 US 291, 301; see People v Tavares-Nunez, 87 AD3d at 1173).
Even giving deference to the hearing court's credibility determinations (see People v Baggett, 57 AD3d 1093, 1094), the court's conclusion that the defendant was not in police custody [*2]when he made the statements to the detectives is unsupported by the record (see People v Blacks, 153 AD3d 720, 722; People v Perry, 97 AD3d 447, 448). Rather, the record demonstrates that the defendant was in police custody. Not only was the defendant handcuffed in the back seat of a police vehicle, the detectives testified that the defendant was bargaining with them for his freedom by offering to get the wallet if they would remove the handcuffs and release him. Detective Bookstein specifically testified that the defendant was not free to leave the police vehicle. The record also demonstrates that the statements that the defendant made to the detectives during their conversation with him about the wallet were the result of the functional equivalent of interrogation and should have been suppressed (see People v Reardon, 124 AD3d at 683-684; People v Tavares-Nunez, 87 AD3d at 1173-1174; see also People v Perry, 97 AD3d at 448). Since the detectives obtained the wallet as a result of their conversation with the defendant in the back of the police vehicle, the wallet also should have been suppressed (see People v Clark, 46 AD3d 566, 567).
Accordingly, the Supreme Court should have granted those branches of the defendant's omnibus motion which were to suppress the statements he made to the detectives while he was handcuffed in the back of the police vehicle and the wallet.
The Supreme Court's failure to suppress the improperly admitted statements and wallet was not harmless beyond a reasonable doubt (see People v Crimmins, 36 NY2d 230, 237; People v Henagin, 129 AD3d 864, 866). Pursuant to Penal Law § 165.45(2), a "person is guilty of criminal possession of stolen property in the fourth degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof, and when . . . [t]he property consists of a credit card, debit card or public benefit card." The evidence presented at trial, other than the improperly admitted evidence, consisted of the testimony of the complainant and Sergeant Lopez, the admissible testimony of Detectives Bookstein and Freeman, and phone records documenting the defendant's calls with the complainant and Sergeant Lopez. Thus, the evidence of the defendant's guilt of criminal possession of stolen property in the fourth degree (six counts), without reference to the improperly admitted evidence, was legally sufficient but not overwhelming, and there is a reasonable possibility that the admission of the defendant's statements and the wallet into evidence might have contributed to the defendant's conviction (see People v Crimmins, 36 NY2d at 237; People v Henagin, 129 AD3d at 866).
Accordingly, we remit the matter for a new trial on the charge of criminal possession of stolen property in the fourth degree (six counts).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court