The People of the State of New York, Respondent,
against
Elijah Aviando, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kevin B. McGrath, J.), rendered September 20, 2013, convicting him, after a nonjury trial, of harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Kevin B. McGrath, J.), rendered September 20, 2013, reversed, on the law and facts and as a matter of discretion in the interest of justice, the motion to suppress granted and the accusatory instrument dismissed.
A suspect is in custody when "a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave" (People v Paulman, 5 NY3d 122, 129 [2005]). As defendant was handcuffed by police at the time he gave the statement at issue, he was obviously in custody for Miranda purposes (see People v Perry, 97 AD3d 447, 448 [2012]). The record also demonstrates that the statement that the handcuffed defendant made to the officer, after the officer heard complainant's accusation against defendant, was the result of the functional equivalent of interrogation and should have been suppressed (see People v Torres, 172 AD3d 758, 761 [2019]; People v Perry, 97 AD3d at 448; see also People v Ferro, 63 NY2d 316, 322 [1984], cert denied 472 US 1007 [1985]). Nor can the error be viewed as harmless, since the finding of guilt rested squarely on the court's assessment of the credibility of the complainant and the defendant, and the proof of defendant's guilt was not overwhelming.
Inasmuch as defendant has served his sentence, and the record does not demonstrate that further proceedings on the second-degree harassment charge would serve any compelling "penological purposes" (People v Allen, 39 NY2d 916, 918, [1976]), we dismiss the accusatory instrument (see People v Flynn, 79 NY2d 879, 882 [1992]; People v Burwell, 53 NY2d 849, 851 [1981]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: December 20, 2019