■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN FOREMAN, Appellant.—Judgment unanimously modified on the law and as a matter of discretion in the interest of justice, and as modified affirmed and matter remitted to Supreme Court for resentencing, in accordance with the following memorandum:

Defendant was charged with two counts of rape in the first degree, two counts of sodomy in the first degree, unauthorized use of a vehicle in the first degree, two counts of grand larceny in the fourth degree and petit larceny. The two sodomy counts of the indictment were identical in that they simply charged defendant with engaging in deviate sexual intercourse with the complainant on the 30th day of October 1988, by forcible compulsion, without otherwise specifying the exact nature of the deviate sexual intercourse. Defendant never requested a bill of particulars, nor did he ever request any further particularization at the time of trial. The trial court submitted the two counts of sodomy to the jury, simply noting that, "[a]lthough each count reads identically or similarly with reference to that particular crime charged, each count refers to a separate incident * * * of alleged sodomy * * * as testified to by [the complainant]" and cautioned the jury to consider each count separately and reach a separate verdict on each count. The jury returned a verdict finding defendant not guilty of the two counts of rape in the first degree, not guilty of one count of sodomy in the first degree, guilty of the second count of sodomy in the first degree, and guilty of unauthorized use of a vehicle in the first degree, grand larceny in the fourth degree and two counts of petit larceny. Defendant's motion to set aside the verdict on the ground of repugnancy was denied.

From our review of the record we note that the acts of sodomy which constituted the basis for counts 3 and 4 of the indictment were never linked to the complainant's testimony. The complainant testified that defendant forcibly engaged her in both oral and anal sex. Defendant argues that "it is unclear which portion of the complainant's testimony was credited by the jury or moreover, whether the jury in fact reached a unanimous verdict concerning either of the alleged acts". We agree. Because the record is devoid of anything connecting either count of the indictment to a particular act, there is no way to determine the act for which defendant was convicted. Thus, any meaningful appellate review of defendant's sodomy conviction is impossible without seriously implicating the prohibition against double jeopardy (People v McNab, 167 AD2d 858; People v Knight, 161 AD2d 668; People v Caliendo, 158 AD2d 531). Since there exists the possibility that defendant could be retried for an act for which he was previously acquitted, defendant's sodomy conviction must be reversed, the sentence imposed thereon vacated and that count of the indictment dismissed.

Defendant's conviction for unauthorized use of a vehicle in the first degree (Penal Law § 165.08) was premised on the fact that his unauthorized use of a motor vehicle occurred in the course of or in immediate flight from the commission of the felony crime of sodomy. Since there is no longer a requisite felony on which to predicate unauthorized use of a vehicle in the first degree, that conviction must be modified to one for unauthorized use of a vehicle in the third degree (Penal Law § 165.05). (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—sodomy, first degree.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.