(June 18, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE JACKSON, Appellant.—Judgment, Supreme Court, New York County (Clifford A. Scott, J.), rendered October 2, 1986, convicting defendant after a jury trial of criminal possession of a weapon in the third degree, and sentencing him to an indeterminate term of imprisonment of three and one-half to seven years, unanimously reversed, on the law, and as a matter of discretion in the interest of justice and the matter remanded for a new trial.

Defendant, and two brothers, Nathaniel Sweeper and Jerome Sweeper, all of them members of a drug dealing gang known as the "Vigilantes", were charged in a consolidated indictment with the murder of Marty Morrison, who had given damaging evidence against another gang member in exchange for leniency in a New Jersey prosecution. The indictment (counts 2 through 5) also charged four identical counts of criminal possession of a weapon in the third degree. After a joint trial, both Sweepers were convicted of murder in the second degree and three of the weapons counts, while defendant was acquitted of all offenses except one of those same weapons counts. The Sweepers' convictions were affirmed by this court (150 AD2d 992); thereafter leave to appeal was denied (74 NY2d 819, 76 NY2d 796).

At trial, the People's proof established the daylight execution of Morrison on 118th Street and Morningside Drive in Manhattan. From the varying accounts of the several eyewitnesses, the jury was free to find that Jerome Sweeper fired two handguns, Nathaniel Sweeper one, and defendant one. On the evidence, the jury may have concluded that the actual killing was effected by the Sweepers, and that defendant was firing in the wrong direction actually grazing Nathaniel Sweeper in the thigh. In acquitting defendant of homicide, the jury could have concluded that defendant's participation in the killing was largely feigned to preserve his status in the gang. Further speculation on this score is unwarranted, since this appeal focuses only upon defendant's conviction of the gun possession charge.

The four counts of weapon possession against each defendant were absolutely identical and did not specify which gun pertained to which count. In each, the grand jury:

"accuse[d] the defendant of the crime of CRIMINAL POSSESSION OF A WEAPON IN THE THIRD DEGREE, an armed felony, in violation of Penal Law § 265.02 (4), committed as follows:

"The defendant, acting in concert with others in the County of New York, on or about December 11, 1981, possessed loaded firearm, to wit, a pistol, said possession not being in the defendant's home or place of business."

As the table below indicates, while all of the defendants were convicted on one of the weapon counts, defendant alone was convicted on only one of those counts, and only Nathaniel and Jerome Sweeper were convicted on the third and fourth counts:

| | Nathaniel Sweeper | Jerome Sweeper | Defendant Jackson |
|---|---|---|---|
| count two | G | G | G |
| count three | G | G | NG |
| count four | G | G | NG |
| count five | NG | NG | NG |

It is impossible to conclude with certainty from this verdict which of the four guns appellant was convicted of possessing. Indeed, it cannot be determined with certainty whether all twelve members of the jury voted to convict him of possessing the same gun. Because of the court's instructions in its charge as to accessorial criminal liability, any juror could have voted appellant guilty based on his possession of any of the weapons mentioned at trial.

Defendant's conviction under count two of this indictment is

clearly duplicitous and cannot be permitted to stand *(People v Rosado,* 64 AD2d 172; *People v Romero,* 147 AD2d 358). Nor can it be salvaged by the People's argument "that the only common sense view is that the jury convicted defendant of the gun he actually possessed and acquitted him of all three guns possessed by the Sweepers."

We acknowledge that the People raise a substantial issue as to whether this duplicity issue was properly preserved by defendant. He served a demand for a bill of particulars, but we cannot agree that such demand, standing alone, particularly in light of the murky response by the People which defendant retained without seeking further relief, adequately put the court on notice of this duplicity objection, now raised with clarity for the first time on appeal. Nonetheless, defendant's retention of the People's inadequate response raises a fundamental taint which, if not reviewable as an error of law, should be addressed on appeal in the interest of justice *(People v MacAfee,* 76 AD2d 157; *People v Willette,* 109 AD2d 112). Nor should we regard defendant's "acceptance" of the response as a "waiver" of the issue as urged by the People. What we said in *People v Kilpatrick* (143 AD2d 1, 3), in an analogous context, is applicable here: "We also reject the People's contention that, because the evidence was sufficient to establish defendant's guilt of first degree robbery under a theory not charged in the indictment, we should not disturb the conviction. The accused's right 'to be tried and convicted of only those crimes and upon only those theories charged in the indictment is fundamental and nonwaivable' ".

Finally, we do not think it necessary to dismiss this indictment with leave to re-present to another grand jury *(cf., People v Rosado, supra; People v Romero, supra).* Unlike those cases, the defect is not a pleading one, but subject to correction by a proper charge specifying the proof applicable to each count.

In view of the foregoing, it is unnecessary to consider the additional claims of error raised by defendant. Concur—Murphy, P. J., Carro, Ellerin, Wallach and Asch, JJ.