OPINION OF THE COURT
Per Curiam.
Defendant was charged, along with two codefendants, with second degree murder and four counts of criminal possession of a weapon in the third degree. The possession counts involved four different weapons. The jury convicted him of one of the weapons counts and acquitted him of the other charges. The Appellate Division reversed on the law and as a matter of discretion in the interest of justice. Labelling defendant’s conviction as "duplicitous”, the court noted that because the four counts of weapon possession were all identically worded, *114 it was impossible to determine which of the four guns defendant was convicted of possessing. Accordingly, it ordered a new trial.
Defendant now seeks to appeal the legality of the corrective action ordered by the Appellate Division. He asserts that it is impossible to determine which gun he was found guilty of possessing and, therefore, a new trial will necessarily violate his right not to be put in jeopardy twice for the same offense because, on retrial, he may be found guilty of an offense of which he has already been acquitted.[1] He contends that this Court has the power, under CPL 450.90 (2) (b), to review the legality of the corrective action ordered by the Appellate Division.
CPL 450.90 sets forth the circumstances in which a party may appeal an intermediate appellate court order to the Court of Appeals. Defendant rests his right to appeal on subdivision (2) (b), which states that an appeal may be taken from an Appellate Division order reversing or modifying a judgment or order of a criminal court if "[t]he appeal is based upon a contention that corrective action * * * taken or directed by the intermediate appellate court was illegal.”
Subdivision (2) of CPL 450.90 must be read in conjunction with subdivision (1). Subdivision (1) requires first that the order appealed from be adverse or partially adverse to the party appealing.[2] An appeal is then authorized if the order appealed is either based upon the law (subd [2] [a]) or direct corrective action deemed by the appellant to be illegal (subd [2] [b]; see, Staff Comment, reprinted in Proposed NY CPL 230.80 [1967]).
Inasmuch as the Appellate Division reversed the judgment convicting him, defendant was not adversely affected by the Appellate Division’s order (see, CPL 450.90 [1]).
Accordingly, the appeal should be dismissed.
*115 Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion; Judge Smith taking no part.
Appeal dismissed.

. Defendant has also instituted a CPLR article 78 proceeding seeking to prohibit further prosecution.

. An order of the Appellate Division is "adverse to the party who was the appellant in such court when it affirms the judgment, sentence or order appealed from, and is adverse to the party who was the respondent in such court when it reverses the judgment, sentence or order appealed from. An appellate court order which modifies a judgment or order appealed from is partially adverse to each party” (CPL 450.90 [1]).