■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL JONES, Appellant. [649 NYS2d 471] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered September 14, 1994, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for criminal possession of a weapon in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of depraved indifference murder, as an accessory, beyond a reasonable doubt (see, Penal Law §§ 20.00, 125.25 [2]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to that charge was not against the weight of the evidence (CPL 470.15 [5]).

In addition to being charged with murder in the second degree, the defendant was charged with two counts of criminal possession of a weapon in the second degree. The jury convicted the defendant of only one count, although the record reveals that two weapons were used in the shooting. The identically worded counts, however, failed to identify which weapon pertained to each count. In addition, the trial court failed to link a particular weapon to a specific count. Consequently, the defendant's conviction on that count must be vacated because it is not possible to determine which weapon the defendant was convicted of possessing (see, People v Jackson, 174 AD2d 444). Moreover, the count must be dismissed because any retrial would implicate the prohibition against double jeopardy (see, People v Caliendo, 158 AD2d 531).

The trial court's charge on the concept of acting in concert, when viewed in its entirety (see, People v Canty, 60 NY2d 830, 832), accurately stated the rule of law (see, Penal Law § 20.00; People v Brooks, 217 AD2d 492; People v Johnson, 181 AD2d 509, 510; People v Hatcher, 162 AD2d 148, 149; People v Compitiello, 118 AD2d 720).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Santucci, J. P., Joy, Krausman and Florio, JJ., concur.