■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ARCHER, Appellant. [656 NYS2d 237] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered July 7, 1993, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, criminal impersonation in the first degree and criminal possession of a controlled substance in the seventh degree, and sentencing him to concurrent prison terms of two and one-third to seven years, one and one-third to four years and one year, respectively, unanimously modified, on the law and in the exercise of discretion in the interest of justice, to the extent of vacating the conviction of criminal possession of a weapon in the third degree and dismissing that count, and reducing the conviction of criminal impersonation in the first degree to criminal impersonation in the second degree, and reducing the sentence thereon to time served, and, except as thus modified, affirmed.

The three counts of criminal possession of a weapon in the third degree charged in the indictment were identical and did not specify which gun, of the three recovered by the police at or shortly after defendant's arrest, pertained to which count. The trial court in its instructions to the jury failed to assign a specific gun to a specific count, although timely requested to do so by the People. At the end of the jury charge, the prosecutor, noting the People's exceptions first, specifically asked the court to assign a particular gun to each count. The court refused the request, stating, in a non sequitur, "you chose to package those guns in one exhibit." Defendant, who did not join in the People's request, had no exceptions to the charge. Thereafter, the jury returned a verdict of guilty on one count and acquitted defendant of the other two third-degree weapon possession

counts. Since it is impossible to conclude from this verdict which of the three guns defendant was convicted of possessing, and it cannot be determined whether all 12 members of the jury voted to convict him of possessing the same gun, defendant's conviction for criminal possession of a weapon in the third degree must be reversed (*see, People v Jackson*, 174 AD2d 444, *appeal dismissed* 80 NY2d 112). In addition, the weapon possession count must be dismissed since a remand could lead to retrying defendant for one of the two charges for which he was previously acquitted (*see, People v Jones*, 233 AD2d 342). Although defendant failed to preserve this issue for appellate review, we nevertheless choose to review this fundamental error in the interest of justice (*see, People v Jackson, supra*; *People v Foreman*, 168 AD2d 928, *lv denied* 77 NY2d 994).

Defendant's conviction for criminal impersonation in the first degree was premised on his criminal possession of a weapon in the third degree. Consequently, since there is no longer a predicate felony upon reversal of the gun possession conviction, the criminal impersonation conviction is reduced to criminal impersonation in the second degree (*see*, Penal Law § 190.25; *People v Foreman, supra*). A remand for resentencing on this conviction is not necessary since defendant has already served a sentence that is greater than the maximum sentence that could be imposed on the reduced conviction. Concur—Murphy, P. J., Sullivan, Milonas and Mazzarelli, JJ.