■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK LICURGO, Appellant. [716 NYS2d 106] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenweig, J.), rendered December 21, 1998, convicting him of robbery in the first degree, robbery in the second degree (two counts), and criminal possession of a forged instrument in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and a statement he made to law enforcement authorities.

Ordered that the judgment is affirmed.

The evidence at the suppression hearing established that the complainant told the police that two men had robbed him when he delivered food to the defendant's apartment building, that one of the robbers used a .25 caliber pistol, that the police recovered a .25 caliber pistol from the rear of the building, that when arrested the accomplice implicated someone called "Frank," and that the officer knew the defendant, his name, and that he lived in the building where the crime occurred. Contrary to the defendant's contention, the arresting officer had a reasonable basis to stop and inquire when he saw the defendant on the street. The officer testified that the defendant volunteered to accompany him to the precinct, and we find no basis to disturb the hearing court's credibility determination (see, People v Prochilo, 41 NY2d 759; People v Garafolo, 44 AD2d 86).

At the precinct, the officer noticed a plastic envelope full of currency protruding from the defendant's pocket and commented, "who else but a drug dealer carries around money in a plastic envelope." The defendant then stated that the money was "not real." Although made after the defendant had invoked his right to remain silent, the officer's brief comment was not

designed to elicit the incriminating statement made by the defendant (*see, People v Huffman,* 41 NY2d 29; *People v Congelosi,* 266 AD2d 930; *People v Webb,* 224 AD2d 464). Thus, the hearing court properly denied suppression of the defendant's statement and, once the defendant admitted possessing counterfeit currency, the officer had probable cause to arrest him. Since the arrest was lawful, there was no basis to suppress the seized currency or testimony concerning the subsequent lineup, in which the complainant identified the defendant as one of the robbers.

The defendant's remaining contentions are without merit. Santucci, J. P.; Sullivan, Altman and Krausman, JJ., concur.