THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON V., Appellant. [850 NYS2d 790]—

Appeal from a judgment and an adjudication of the Ontario County Court (Craig J. Doran, J.), rendered March 21, 2006. Defendant was convicted upon a jury verdict of rape in the first degree and was adjudicated a youthful offender upon a jury verdict finding him guilty of sexual abuse in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed and the adjudication is reversed on the law, that part of defendant's motion seeking to dismiss the third count of the indictment is granted and that count of the indictment is dismissed.

Memorandum: Defendant appeals from a judgment convicting him as a juvenile offender, based upon a jury verdict, of rape in the first degree (Penal Law § 130.35 [1]) and from a youthful offender adjudication, based upon a jury verdict, of sexual abuse

in the third degree (Penal Law § 130.55). Defendant's general motion to dismiss is insufficient to preserve for our review defendant's challenge to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, defendant failed to renew his motion after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). Contrary to the contention of defendant, County Court properly admitted evidence of his prior sexual misconduct with the victim, his sister, because that evidence was relevant in establishing that "defendant's sexual act [was] perpetrated against the victim by forcible compulsion" (*People v Chase*, 277 AD2d 1045 [2000], *lv denied* 96 NY2d 733 [2001]; *see also People v Cook*, 93 NY2d 840, 841 [1999]; *People v Jackson*, 4 AD3d 848, 849 [2004], *lv denied* 2 NY3d 801 [2004]). We further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe.

We agree with the contention of defendant in his pro se supplemental brief that the court erred in failing to grant that part of his omnibus motion seeking to dismiss the third count of the indictment, charging him with sexual abuse in the third degree, on the ground that it was facially defective. "The indictment must set forth a time interval that reasonably serves the function of protecting defendant's constitutional right to be informed of the nature and cause of the accusation" (*People v Risolo*, 261 AD2d 921, 921 [1999] [internal quotation marks omitted]) and, here, the 12-month period set forth in that count was unreasonable (*see People v Beauchamp*, 74 NY2d 639, 641 [1989]; *People v Keindl*, 68 NY2d 410, 419 [1986], *rearg denied* 69 NY2d 823 [1987]; *see also People v Sedlock*, 8 NY3d 535, 539-540 [2007]), in view of the fact that the victim was 13 or 14 years old during that time period and thus was capable "of discerning, if not exact dates, at least seasons, school holidays, birthdays, or other events which could establish a frame of reference to assist [her] in narrowing the time spans alleged" (*Keindl*, 68 NY2d at 420). Contrary to the further contention of defendant in his pro se supplemental brief, however, the $4^{1/2}$-month time period set forth in the first count, charging him with rape in the first degree, was not excessive, in view of the nature of the offense and the age of the victim (*see People v Watt*, 84 NY2d 948, 950-951 [1994]; *People v Roman*, 43 AD3d 1282, 1283 [2007]; *People v Lanfair*, 18 AD3d 1032, 1033 [2005], *lv denied* 5 NY3d 790 [2005]).

We have reviewed the remaining contentions of defendant in his pro se supplemental brief and conclude that they are without

merit. Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Pine, JJ.