10 N.Y.3d 819 (2008)
888 N.E.2d 1041
859 N.Y.S.2d 99
THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v.
CURTIS MITCHELL, Appellant.
Court of Appeals of the State of New York.
Argued March 11, 2008.
Decided April 24, 2008.
Kramer Levin Naftalis & Frankel, LLP, New York City (Darren LaVerne of counsel), and Legal Aid Society (Steven Banks and John Schoeffel of counsel) for appellant.
Robert M. Morgenthau, District Attorney, New York City (Eric Rosen and Vincent Rivellese of counsel), for respondent.
Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

OPINION OF THE COURT
MEMORANDUM.
The order of the Appellate Division should be affirmed.
*820 At around 1:30 A.M. on August 28, 2004, defendant and codefendant Charles May were observed by the superintendent of a neighboring building prying open the door of 18 East 16th Street in Manhattan and entering the building. At some point thereafter, the two were seen leaving the building. By the time the police arrived, defendant and May were gone. Roughly two hours later, the superintendent again observed defendant and May approach, pry open, enter and eventually exit through the door of the same building, but this time the police arrived in time to intercept them. After a brief chase, two police officers caught up with the two individuals, each carrying bags. Defendant's knapsack included a pair of gloves, a flashlight, screwdriver, multiuse tool, chisel, metal rod and plastic bags.
In the grand jury, the superintendent testified to his observations, including each of the two entrances into the building. At both the beginning and end of the grand jury presentation, the prosecutor asked the grand jurors to vote on one count of burglary as to each defendant, but did not specify whether that charge should apply to the first, second or both entries. The grand jury indicted defendant and codefendant each for one count of burglary and one count of possession of burglars' tools. As to the burglary charge the indictment reads: "The defendants, in the County of New York, on or about August 28, 2004, knowingly entered and remained unlawfully in the building of 18 E. 16th St. with intent to commit a crime therein."
At trial, the People submitted evidence regarding defendants' two entries into the building, and during summation the prosecutor repeatedly alleged that defendant broke into the building twice. The court then charged the jury that it could convict defendant on the basis of the first, the second or both entries, so long as the jury was unanimous as to at least one. Defendant did not object. The jury found defendant guilty of one count of burglary in the third degree and one count of possession of burglars' tools. Defendant now complains that his burglary conviction should be reversed because he was indicted only on one count of burglary, yet the trial jury was able to consider two alleged entries into the building, and it is unclear which of those resulted in conviction.
Although, as defendant argues, a valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution, here there is no jurisdictional infirmity. The grand jury returned a valid and sufficient indictment charging him with the crime of burglary committed on one specified *821 date at one particularized location. While the prosecutor elicited evidence to support the conclusion that two distinct burglaries were committed, each conformed with the date, location and elements specified in the indictment.
Because there is no jurisdictional error, defendant was required to object to the judge's erroneous jury instructions in order to avoid waiver. His failure to do so renders this claim unpreserved. Defendant's remaining claims lack merit.
Order affirmed in a memorandum.