■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KWAME BOOKER, Appellant. [880 NYS2d 343]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered August 4, 2006, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed and the indictment is dismissed.

The defendant's contention that certain counts of the indictment were defective on the ground that they were vague or duplicitous is unpreserved for appellate review (*see* CPL 470.05 [2]). As noted by the People, the defendant failed to make a pretrial motion to dismiss those counts of the indictment within 45 days of his arraignment (*see* CPL 210.20 [1], [2]; 255.20), rendering the claim unpreserved for appellate review (*see People v Iannone*, 45 NY2d 589, 600 [1978]; *People v Stamen*, 163 AD2d 499 [1990]; *People v Byrdsong*, 133 AD2d 164, 165 [1987]). In any event, the indictment was facially sufficient (*see* CPL 200.50 [3], [7]; 200.30 [1]; *see generally People v Keindl*, 68 NY2d 410, 417 [1986]).

The defendant's argument that the court's charge to the jury and the jury verdict sheet were inadequate on the weapons possession counts, because they permitted alleged duplicitous convictions, is also unpreserved for appellate review (*see* CPL 470.05 [2]). Argument by defense counsel during the motion to dismiss at the close of the People's evidence, and during the charge conference that followed, was directed at perceived defects in the indictment rather than defects in any particular charge to the jury or to the verdict sheet (*see People v Mitchell*, 10 NY3d 819, 821 [2008]; *People v Cona*, 49 NY2d 26, 33 [1979]; *People v White*, 41 AD3d 1036, 1037 [2007]). We decline to reach the issue of duplicitous counts in the interest of justice, as the defendant also waived the argument when his counsel opposed at trial any annotation to the jury verdict sheet that would have related specific counts to specific weapons (*see People v Shaffer*, 66 NY2d 663, 665 [1985]; *People v Scarnati*, 140 AD2d 469, 470 [1988]).

Nevertheless, we agree with the defendant that the court's charge to the jury that a firearm is defined as "any pistol or revolver" (Penal Law § 265.00 [3]), coupled with the court's refusal to charge the jury that they must be unanimous on any conviction as to a particular gun for each count, warrants reversal (*see People v Jones*, 233 AD2d 342 [1996]; *People v*

*Jackson*, 174 AD2d 444 [1991]). This issue was preserved at trial and is independent of the issue of annotating the jury's verdict sheet. A retrial of the counts on which the defendant was convicted is prohibited by double jeopardy (*see People v Jones*, 233 AD2d at 342; *People v Caliendo*, 158 AD2d 531, 531-532 [1990]).

Further, since the court cannot know without speculating which gun the jury found the defendant to have possessed under count five on the jury's verdict sheet, which pertained to criminal possession of a weapon in the second degree, we cannot remit for retrial the lesser-included offenses under counts six and seven of the verdict sheet, which the jury did not reach, as doing so would risk violating the prohibition against double jeopardy (*see People v Jones*, 233 AD2d at 342; *People v Stanley*, 173 AD2d 658, 659 [1991]; *People v Caliendo*, 158 AD2d at 531-532).

The defendant's remaining arguments need not be reached in light of our determination. Prudenti, P.J., Dillon, Covello and Leventhal, JJ., concur.