# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1052
KA 12-01621
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ROBERT DUKES, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

VALERIE G. GARDNER, DISTRICT ATTORNEY, PENN YAN (MEGAN P. DADD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered June 19, 2012. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree, rape in the first degree (three counts), criminal sexual act in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of criminal sexual act in the first degree and rape in the first degree under counts four and six of the indictment and dismissing those counts without prejudice to the People to re-present any appropriate charges under those counts of the indictment to another grand jury, and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]), criminal sexual act in the first degree (§ 130.50 [1]), and three counts of rape in the first degree (§ 130.35 [1]), defendant contends that County Court erred in denying his request to appoint new counsel for him at trial. Although defendant requested a new attorney several weeks before trial, the record demonstrates that, after an extensive colloquy with the court and a private conference with assigned counsel, defendant informed the court that his attorney answered his questions and that he was satisfied with his attorney's answers. When asked by the court whether he wanted his attorney to continue to represent him, defendant answered, "Yes, sir," and defendant did not thereafter request new counsel. Under the circumstances, we conclude that defendant withdrew his request for assignment of new counsel and thereby waived his present contention (*see People v Jones*, 79 AD3d 1665, 1665).

We agree with defendant, however, that counts four and six of the indictment were rendered duplicitous by the victim's trial testimony. "Even if a count facially charges one criminal act, that count is duplicitous if the evidence makes plain that multiple criminal acts occurred during the relevant time period, rendering it nearly impossible to determine the particular act upon which the jury reached its verdict" (*People v Dalton*, 27 AD3d 779, 781, *lv denied* 7 NY3d 754, *reconsideration denied* 7 NY3d 811; *see People v Casiano*, 117 AD3d 1507, 1510; *People v Foote*, 251 AD2d 346, 346).  Here, count four charged criminal sexual act in the first degree regarding an alleged instance in which defendant forcibly compelled the victim to perform oral sex on him during the summer of 2010, while count six, charging rape in the first degree, related to an incident in the summer of 2010 during which defendant had sexual intercourse with the victim by forcible compulsion.  At trial, however, the victim testified that defendant regularly and repeatedly forced her to engage in sexual intercourse with him during the summer of 2010, and she did not testify about any one specific incident.  She offered similarly general testimony about alleged instances of oral sexual conduct during the summer of 2010.

Because each act of alleged intercourse and oral sexual conduct constitutes "a separate and distinct offense" (*People v Russell*, 116 AD3d 1090 [internal quotation marks omitted]; *see People v Beauchamp*, 74 NY2d 639, 640), the victim's testimony that numerous such acts occurred during the summer of 2010 rendered counts four and six duplicitous, inasmuch as it is impossible to determine whether the jury reached a unanimous verdict on those counts.  It is also impossible to determine whether defendant was convicted of an act for which he was not indicted (*see People v McNab*, 167 AD2d 858, 858).  Although defendant did not preserve for our review his contention that counts four and six were rendered duplicitous at trial, preservation is not required because the "right of an accused to be tried and convicted of only those crimes and upon only those theories charged in the indictment is fundamental and nonwaivable . . . , as is the right to a unanimous verdict" (*People v Boykins*, 85 AD3d 1554, 1555, *lv denied* 17 NY3d 814 [internal quotation marks omitted]; *see People v Filer*, 97 AD3d 1095, 1096, *lv denied* 19 NY3d 1025).  Furthermore, where, as here, there was no testimony of a specific incident constituting the indicted offense (*cf. People v Spencer*, 119 AD3d 1411, 1412-1413, *lv denied* 24 NY3d 965), but instead only testimony of a general nature that several incidents occurred during the specified time frame, we are unable to determine whether defendant's protection against double jeopardy would be violated by a second prosecution (*see generally People v Gause*, 19 NY3d 390, 394-395).  We therefore modify the judgment accordingly, and we grant the People leave to re-present appropriate charges under counts four and six, if any, to another grand jury.

We have reviewed defendant's remaining contentions and conclude that none requires reversal or further modification of the judgment.

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court