◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN LEWIS, Appellant. [22 NYS3d 902]—Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Hollie, J.), rendered December 4, 2012, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the fourth degree, under indictment No. 2162/10, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Kron, J.), rendered April 16, 2013, convicting him of grand larceny in the fourth degree, under indictment No. 897/13, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant's contention that certain counts of indictment No. 2162/10 were defective on the ground that they were duplicitous is unpreserved for appellate review (*see* CPL 470.15 [2]), as the defendant failed to make a pretrial motion to dismiss those counts of the indictment within 45 days of his arraignment (*see* CPL 210.20 [1], [2]; 255.20; *People v Iannone*,

45 NY2d 589, 600 [1978]; *People v Booker*, 63 AD3d 750, 751 [2009]). The defendant's contention that the court's charge to the jury was inadequate on those same counts because the charge permitted alleged duplicitous convictions is also unpreserved for appellate review (*see* CPL 470.15 [2]; *People v Mitchell*, 10 NY3d 819, 821 [2008]; *People v Cona*, 49 NY2d 26, 33 [1979]; *People v Booker*, 63 AD3d at 751; *People v White*, 41 AD3d 1036, 1037 [2007]). We decline to reach the issues of duplicitous counts in the interest of justice (*see* CPL 470.15 [6] [a]).

The defendant's contention that he was deprived of a fair trial when the prosecutor was allowed to elicit testimony from a detective that the defendant was arrested as a result of two witnesses' viewings of the lineup is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Love*, 57 NY2d 1023, 1025 [1982]; *People v Ragsdale*, 68 AD3d 897 [2009]; *People v Moore*, 49 AD3d 901, 902 [2008]). In any event, any error did not deprive him of a fair trial. The defendant's contention that he was deprived of the effective assistance of counsel because his attorney failed to object to the subject testimony is without merit (*see generally People v Baldi*, 54 NY2d 137 [1981]).

Inasmuch as the defendant raises no independent claim regarding his conviction under indictment No. 897/13, that judgment must be affirmed in light of the affirmance of the judgment on indictment No. 2162/10 (*see People v Washington*, 93 AD3d 681, 682 [2012]; *cf. People v Williams*, 17 NY3d 834, 836 [2011]; *People v Pichardo*, 1 NY3d 126, 129 [2003]; *People v Taylor*, 80 NY2d 1, 15 [1992]; *People v Boston*, 75 NY2d 585, 589 [1990]; *People v Fuggazzatto*, 62 NY2d 862, 863 [1984]). Hall, J.P., Austin, Roman and Barros, JJ., concur.