People v Adams (2016 NY Slip Op 05161)





People v Adams


2016 NY Slip Op 05161


Decided on June 29, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
L. PRISCILLA HALL
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2013-00212
 (Ind. No. 2162/10)

[*1]The People of the State of New York, respondent, 
v
Johnell Adams, appellant.


Seymour W. James, Jr., New York, NY (Ellen Dille of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered December 4, 2012, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that certain counts of the indictment were defective on the ground that they were duplicitous is unpreserved for appellate review (see CPL 470.05[2]). The defendant failed to make a pretrial motion to dismiss those counts within 45 days of his arraignment (see CPL 210.20[1], 255.20[1]; People v Iannone, 45 NY2d 589, 600; People v Booker, 63 AD3d 750). The defendant's contention that the Supreme Court's charge to the jury permitted alleged duplicitous convictions is also unpreserved for appellate review, as the defendant made no objection to the charge as given (see CPL 470.05[2]; People v Mitchell, 10 NY3d 819; People v Booker, 63 AD3d 750). We decline to reach the issues of duplicitous counts in the interest of justice (see CPL 470.15[6][a]).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
LEVENTHAL, J.P., HALL, AUSTIN, and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court