People v Davis (2021 NY Slip Op 04720)





People v Davis


2021 NY Slip Op 04720


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2015-11105
 (Ind. No. 567/14)

[*1]The People of the State of New York, respondent,
v
Brandon Davis, appellant.


Richard L. Herzfeld, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Timothy P. Finnerty of counsel), for respondent.



DECISION & ORDER
Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated May 16, 2018 (People v Davis, 161 AD3d 1000), affirming a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered October 6, 2015. By decision and order on motion of this Court dated December 23, 2020, the appellant was granted leave to serve and file a brief on the issue of whether the appellant's convictions of murder in the second degree should be dismissed as lesser included offenses of his conviction of murder in the first degree, and the coram nobis application was held in abeyance in the interim. The parties have now filed their respective briefs. Justice Hinds-Radix has been substituted for former Justice Balkin (see 22 NYCRR 1250.1[b]).
ORDERED that the application is granted, and the decision and order of this Court dated May 16, 2018, is vacated; and it is further,
ORDERED that the judgment is modified, on the law, by vacating the convictions of murder in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
The defendant was indicted in connection with an armed robbery that occurred on December 25, 2013, in Medford, which resulted in the death of Taliek Bristol and injury to three other victims. Prior to trial, the defendant moved, inter alia, to suppress a statement he made to the arresting detective while he was being transported to the police station and before he was advised of his Miranda rights (see Miranda v Arizona, 384 US 436). In particular, during the transport, the defendant initiated a conversation by asking the arresting detective why he was arrested. When the detective responded "murder," the defendant asked "when this murder supposedly happened." The detective replied, "Christmas day . . . the previous year." The defendant then stated that "he doesn't get involved in murders, that's not his M.O., he just is involved in drugs and getting money." In response, the detective asked the defendant "if he had a job." The defendant responded "no, I just get money." The hearing court denied that branch of the defendant's omnibus motion which was to suppress this statement, finding that the statement was spontaneously made and that the detective's inquiry was not reasonably likely to elicit an incriminating response.
At trial, the People presented evidence that the defendant, in the course of committing [*2]a robbery with two others, shot Bristol in the head, and again in the right torso as he was falling to the ground. The jury found the defendant guilty of murder in the first degree, two counts of murder in the second degree, and assault in the first degree. The defendant appeals.
We agree with the defendant that his statement, "no, I just get money," was not spontaneous since it was made in direct response to a question posed by the detective concerning whether he had a job (see People v Rivers, 56 NY2d 476, 480; People v Maerling, 46 NY2d 289, 302-303). Nevertheless, considering the totality of the circumstances leading up to the defendant's statement, the hearing court properly determined that the statement was not subject to suppression since the question posed by the detective was not the functional equivalent of an interrogation and was not reasonably likely to elicit an incriminating response (see People v Slattery, 147 AD3d 788, 790; People v Matos, 133 AD3d 885, 889; cf. People v Blacks, 153 AD3d 720; People v George, 127 AD3d 1496, 1497-1498). Indeed, "not every comment made by a police officer in response to an inquiry by the defendant can be said to constitute interrogation, merely because it is followed by an incriminating statement from the defendant" (People v Rivers, 56 NY2d at 479). Here, the detective's innocuous question concerning whether the defendant had a job was made in the context of a brief exchange and in response to the defendant's spontaneous statement that he was involved in "getting money." In addition, there is no indication in the record that the question was posed by the detective with the intention of eliciting an incriminating response (see People v Licurgo, 277 AD2d 396, 396-397; cf. People v Hillard, 151 AD3d 743, 744). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.
The defendant was not deprived of the right to counsel because the County Court denied his motion for the substitution of new counsel. "Whether counsel is substituted is within the discretion and responsibility of the trial judge, and a court's duty to consider such a motion is invoked only where a defendant makes a seemingly serious request[ ]" (People v Ward, 121 AD3d 1026, 1027 [citations and internal quotation marks omitted]; see People v Porto, 16 NY3d 93, 99-100). Here, the record does not provide a basis to conclude that the defendant's motion was based on specific factual allegations of a serious complaint about his counsel (see People v McErlean, 149 AD3d 872, 873). The defendant's additional contention that he was deprived of the right to counsel because the court permitted his second defense attorney, whom the defendant retained, to be relieved, is without merit. Under the circumstances of this case, where the defendant unequivocally consented to the discharge of his retained counsel and the appointment of new assigned counsel, it cannot be said that the defendant was deprived of the right to representation of his own choosing (see People v Nguyen, 90 AD3d 1330, 1332; People v Bailey, 80 AD3d 999, 1000).
Furthermore, the defendant was not deprived of the effective assistance of counsel by the failure of his third defense attorney to object when the prosecutor was allowed to elicit testimony from a detective indicating that the defendant was 19 years old at the time of the crime (see People v Lewis, 135 AD3d 961, 962; People v Page, 134 AD3d 858, 858). Viewed in totality, the record demonstrates that the defendant received meaningful representation (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 713-714).
Contrary to the People's contention, the defendant adequately preserved for appellate review his contention that the County Court erred in permitting the prosecutor to elicit testimony from a detective indicating that the defendant had invoked his right to remain silent (cf. People v Luckerson, 170 AD2d 695). Nevertheless, the defendant's contention is without merit. The record demonstrates that the subject testimony did not reference an invocation of the right to remain silent.
The defendant failed to preserve for appellate review his present challenges to the legal sufficiency of the evidence (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's identity as one of the perpetrators and his guilt of the crimes of which he was convicted. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great [*3]deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Under the circumstances of this case, former appellate counsel was ineffective for failing to contend on appeal that, as the People correctly concede, the defendant's convictions of murder in the second degree, and the sentences imposed thereon, must be vacated, and those counts of the indictment dismissed, because those charges are inclusory concurrent counts of the conviction of murder in the first degree (see People v Howard, 92 AD3d 1219, 1220; People v Villafane, 48 AD3d 712, 713).
The sentence imposed on the defendant's remaining convictions was not excessive (see People v Suitte, 90 AD2d 80).
LASALLE, P.J., CHAMBERS, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court