People v Zona (2024 NY Slip Op 01652)

People v Zona

2024 NY Slip Op 01652

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, DELCONTE, AND KEANE, JJ.

212 KA 22-00612

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MEGAN ZONA, DEFENDANT-APPELLANT. 

EASTON THOMPSON KASPEREK SHIFFRIN, LLP, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Michael L. Dollinger, J.), rendered December 15, 2021. The judgment convicted defendant upon a jury verdict of sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on count 2 of the indictment.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [3]), in connection with allegations that she committed a sex offense against the seven-year-old victim.
As defendant contends and the People correctly concede, the victim's trial testimony rendered the indictment with respect to count 2 duplicitous. "Even if a count facially charges one criminal act, that count is duplicitous if the evidence makes plain that multiple criminal acts occurred during the relevant time period, rendering it nearly impossible to determine the particular act upon which the jury reached its verdict" (People v Dalton, 27 AD3d 779, 781 [3d Dept 2006], lv denied 7 NY3d 754 [2006], reconsideration denied 7 NY3d 811 [2006]; see People v Dukes, 122 AD3d 1370, 1371 [4th Dept 2014], lv denied 26 NY3d 928 [2015]; People v Casiano, 117 AD3d 1507, 1510 [4th Dept 2014]). Here, count 2 of the indictment charged defendant with sexual abuse in the first degree regarding an alleged instance, occurring between July 2012 and January 2013, in which she subjected the victim to sexual contact when he was less than 11 years old. At trial, however, the victim testified to multiple acts of sexual contact during the relevant time frame, any one of which could serve as the sexual contact necessary to prove defendant's guilt of count 2.
Because each act of alleged sexual contact constitutes "a separate and distinct offense" (Dukes, 122 AD3d at 1372 [internal quotation marks omitted]), the victim's testimony that numerous such acts occurred during the relevant time frame rendered count 2 of the indictment duplicitous. Indeed, " 'it is impossible to verify that each member of the jury convicted defendant for the same criminal act' " in connection with count 2 (People v Bennett, 52 AD3d 1185, 1186 [4th Dept 2008], lv denied 11 NY3d 734 [2008]; see generally People v Keindl, 68 NY2d 410, 417-418 [1986]; People v Kirk, 96 AD3d 1354, 1357 [4th Dept 2012], lv denied 20 NY3d 1012 [2013]). Additionally, we conclude that, for similar reasons, it is impossible to determine whether defendant was convicted of an act for which she was not indicted (see People v Graves, 136 AD3d 1347, 1348 [4th Dept 2016], lv denied 27 NY3d 1069 [2016]; Dukes, 122 AD3d at 1372).
Under the unique circumstances of this case, we do not think it is necessary to dismiss the indictment with leave to re-present to another grand jury (cf. People v Baek, 207 AD3d 1086, 1087-1088 [4th Dept 2022]; Dukes, 122 AD3d at 1372). We also decline to dismiss the [*2]indictment with prejudice (cf. People v McNab, 167 AD2d 858, 858 [4th Dept 1990]). Rather, the errors here are not ones that directly relate to the indictment and are easily corrected by a proper charge specifying the proof applicable to the relevant count (see People v Jackson, 174 AD2d 444, 446 [1st Dept 1991], appeal dismissed 80 NY2d 112 [1992]). We are not required to dismiss the indictment based on double jeopardy concerns inasmuch as defendant here was acquitted of a course of conduct crime and convicted of a single act crime. Consequently, this case is unlike those cases where the defendant is acquitted of some single act crimes and convicted of others, where it is impossible to determine with any confidence that the jury agreed on which act the People did not meet their ultimate burden (cf. McNab, 167 AD2d at 858). Consequently, we reverse and grant defendant a new trial on count 2 of the indictment (see Jackson, 174 AD2d at 444).
Contrary to defendant's further contention, defense counsel was not ineffective in failing to seek dismissal of the indictment on statute of limitations grounds, inasmuch as such a motion had " 'little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]; see generally People v Quinto, 18 NY3d 409, 417-418 [2012]; People v Turner, 5 NY3d 476, 481 [2005]).
In light of our conclusion, defendant's remaining contentions are academic.
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court