People v Hunt (2024 NY Slip Op 02471)

People v Hunt

2024 NY Slip Op 02471

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND DELCONTE, JJ.

858 KA 22-00437

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLIFFORD HUNT, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered February 22, 2022. The judgment convicted defendant, upon a jury verdict, of endangering the welfare of a child (three counts) and sexual abuse in the third degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of sexual abuse in the third degree and endangering the welfare of a child under counts 4, 5, 7, and 8 of the indictment and dismissing those counts without prejudice to the People to re-present any appropriate charges under those counts of the indictment to another grand jury, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of three counts each of endangering the welfare of a child (Penal Law § 260.10 [1]) and sexual abuse in the third degree (§ 130.55). Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence on the basis that the victim's testimony was lacking in detail (see People v Beard, 100 AD3d 1508, 1509 [4th Dept 2012]; see generally People v Gray, 86 NY2d 10, 19 [1995]). In any event, that contention lacks merit because the conviction is supported by legally sufficient evidence (see generally People v Danielson, 9 NY3d 342, 349 [2007]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see id.), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant also contends that County Court's verdict sheet annotations were improper. We reject that contention (see People v Lewis, 23 NY3d 179, 187 [2014]).
Additionally, defendant contends that the court erred in denying his pretrial motion to dismiss insofar as it sought to dismiss counts 4, 5, 7, and 8 of the indictment on the ground that those counts were facially defective and that the court erred in denying his motion for a trial order of dismissal insofar as it sought to dismiss counts 4, 5, 7, and 8 on the ground that the trial testimony failed to provide any distinguishing facts about the alleged incidents, rendering those counts duplicitous. Counts 4 and 5 both allege that defendant committed sexual abuse in the third degree (Penal Law § 130.55) "on or about and between the month of November 2019 and January 12, 2020." Counts 7 and 8 both allege that defendant committed the offense of endangering the welfare of a child (§ 260.10 [1]) through sexual contact, "on or about and between the month of November 2019 and January 12, 2020." The People represented that counts 7 and 8 were for single acts, not for a course of conduct.
An indictment must provide a defendant with fair notice of the nature of the charges against them, including the time, manner, and location of the alleged conduct, in order to allow the defendant to prepare an adequate defense (see People v Morris, 61 NY2d 290, 293 [1984]; People v Iannone, 45 NY2d 589, 594 [1978]; People v Kulzer, 155 AD2d 882, 882 [4th Dept [*2]1989], lv denied 75 NY2d 869 [1990]). With respect to time frame, " '[t]he indictment must set forth a time interval that reasonably serves the function of protecting defendant's constitutional right to be informed of the nature and cause of the accusation' " (People v Aaron V., 48 AD3d 1200, 1201 [4th Dept 2008], lv denied 10 NY3d 955 [2008]; see CPL 200.50 [6]). However, CPL 200.50 (6) "neither requires the exact date and time, nor does it restrict the length of the designated period of time which may be stated" (People v Keindl, 68 NY2d 410, 417 [1986], rearg denied 69 NY2d 823 [1987]). Here, we conclude that the indictment provided defendant with fair notice of the nature of the charges against him (see Aaron V., 48 AD3d at 1201; see also People v Snyder, 103 AD3d 1143, 1145-1146 [4th Dept 2013]), and thus the court did not err in denying defendant's pretrial motion to dismiss with respect to those counts of the indictment.
We agree with defendant, however, that the trial testimony rendered counts 4, 5, 7, and 8 duplicitous. " 'Even if a count facially charges one criminal act, that count is duplicitous if the evidence makes plain that multiple criminal acts occurred during the relevant time period, rendering it nearly impossible to determine the particular act upon which the jury reached its verdict' " (People v Dukes, 122 AD3d 1370, 1371 [4th Dept 2014], lv denied 26 NY3d 928 [2015]; see People v Wade, 118 AD3d 1370, 1371 [4th Dept 2014], lv denied 24 NY3d 965 [2014]; People v Casiano, 117 AD3d 1507, 1509-1510 [4th Dept 2014]; People v Bracewell, 34 AD3d 1197, 1198 [4th Dept 2006]). A duplicitous count "may undermine the requirement of jury unanimity," inasmuch as some jurors may find that defendant committed one criminal act under the count, while other jurors may find that defendant committed some other criminal act under the same count (People v Alonzo, 16 NY3d 267, 269 [2011]).
At trial, the victim was unable to identify the number of times defendant touched her during the relevant time period. She testified that he touched her breasts "[a]t least two" times. The victim also testified that defendant put his fingers inside her vagina "[p]robably at least three" times and licked her vagina "[a]t least three times." She further testified that when he touched her vagina, he would also touch her breasts, but she could not "remember the specifics" of each occurrence. Under the circumstances presented here, we conclude, with respect to counts 4, 5, 7, and 8, that "it is impossible to determine whether the jury reached a unanimous verdict on those counts . . . [and] impossible to determine whether defendant was convicted of an act for which he was not indicted" (Dukes, 122 AD3d at 1372). We therefore modify the judgment accordingly, and we grant the People leave to re-present appropriate charges under counts 4, 5, 7, and 8, if any, to another grand jury (see id.).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court