People v Maples (2025 NY Slip Op 03083)

People v Maples

2025 NY Slip Op 03083

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2021-08664 
2021-08665

[*1]The People of the State of New York, respondent,
v
Clarence Maples, appellant. (Ind. Nos. 2239/18, 115/21)

Patricia Pazner, New York, NY (Mark W. Vorkink of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Charles T. Pollak of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Queens County (Michelle A. Johnson, J.), both rendered November 3, 2021, convicting him of attempted robbery in the second degree under Indictment No. 2239/18, and attempted robbery in the second degree under Indictment No. 115/21, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant appeals from judgments of conviction, upon his pleas of guilty, which were rendered in Queens County. As promised, his sentences were to run concurrently with sentences imposed on certain convictions in Kings County. On these appeals from the judgments of conviction rendered in Queens County, the defendant contends that once this Court reverses the judgments of conviction rendered in Kings County on his separate appeals, this Court should reverse the Queens County judgments since the promise that induced the guilty pleas would be unfulfilled. However, after the briefs were filed in these appeals, this Court affirmed the Kings County judgments (see People v Maples, 235 AD3d 779). Since the defendant raises no independent claim regarding these Queens County convictions, these judgments must be affirmed in light of the affirmance of the Kings County judgments (see People v Bello, 198 AD3d 668, 668-669; People v Lewis, 135 AD3d 961, 962).
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court